# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| PRISCELLA SAINTAL, | Case No. 2:15-cv-02460-GMN-NJK |
| Plaintiff(s), | ORDER |
| vs. | |
| MARIA PESCE, et al., | (Docket No. 27) |
| Defendant(s). | |

Pending before the Court is Plaintiff's renewed motion to amend the complaint. Docket No. 27. Defendants filed a response in opposition. Docket No. 28. The pending motion is defective for several reasons. First, the attached proposed amended complaint is incomplete and unsigned. *See* Docket No. 27-1 at 19 (ending page mid-sentence). Second, the caption for the proposed amended complaint does not specifically identify each Defendant against whom Plaintiff wishes to proceed at this point. *See id.* at 1. Third, the proposed amended complaint continues to assert claims against Defendants who have been dismissed with prejudice, and also appears to seek to restate claims that have been dismissed with prejudice. *Compare, e.g.*, *id.* at 7 (alleging retaliation claim against Defendant Pesce) *with* Docket No. 3 at 5-6 (screening order dismissing with prejudice retaliation claim against Defendant Pesce).

In light of the above, the Court again **DENIES** the motion to amend the complaint without prejudice. The Court will provide Plaintiff an additional opportunity to file the motion. Plaintiff is also instructed as follows:

- Plaintiff must file her proposed amended complaint on the Section 1983 form available from the Court. *See* Local Special Rule 2-1 ("A civil-rights complaint filed by a person

who is not represented by counsel must be submitted on the form provided by this court"). To that end, the Court also **INSTRUCTS** the Clerk's Office to mail such a form to Plaintiff.

- The proposed amended complaint must be complete and signed.
- The caption for the proposed amended complaint must identify by name each Defendant against whom Plaintiff wishes to proceed.
- The proposed amended complaint must omit those Defendants and those claims that have been dismissed with prejudice. For Defendants and claims that were dismissed with prejudice by Chief United States District Judge Gloria M. Navarro in the screening order, it has already been determined that amendment would be futile. *See* Docket No. 3. Moreover, Plaintiff does not need to continue alleging such claims to preserve them for appellate purposes. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012). Accordingly, such claims and parties must be omitted from any proposed amended complaint. *See id.* (district courts are not required to expend resources parsing old claims and reiterating prior rulings).
- The motion for leave to amend must clearly identify the parties that Plaintiff seeks to add and the claims that she seeks to add.
- Any renewed motion for leave to amend must be filed by March 10, 2017. If no motion for leave to amend is filed by that date, the Court will proceed on the claims that have survived the screening process and Defendants will be required to respond to the original complaint by March 24, 2017. If a motion for leave to amend is filed, the deadline to file an answer will be stayed until 14 days after the motion for leave to amend is decided.

IT IS SO ORDERED.

DATED: February 7, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge