# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| PRISCELLA SAINTAL, | Case No. 2:15-cv-02460-GMN-NJK |
| Plaintiff(s), | ORDER |
| vs. | |
| MARIA PESCE, et al., | |
| Defendant(s). | |

On November 8, 2016, Plaintiff filed a motion for leave to amend accompanied by an amended complaint. Docket Nos. 20, 21. Defendants filed a response in limited opposition. Docket No. 23. Plaintiff and Defendants both framed the issue as whether Plaintiff should be permitted leave to amend. Docket No. 20 at 1; Docket No. 23 at 23 at 5. The Court then followed suit, and denied without prejudice leave to amend based on procedural deficiencies with Plaintiff's motion. Docket No. 26. The Court now reconsiders that order *sua sponte*. *Cf. United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000) (courts have authority to reconsider non-final orders *sua sponte*). The Court concludes that it erred by not construing Plaintiff's previous filing as amending the complaint as a matter of course under Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure.

In pertinent part, Rule 15 provides as follows:

> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, <u>or</u> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1) (emphasis added).[1] Complaints require responsive pleadings. *See* Fed. R. Civ. P. 12(a). As such, the time frame for amending a complaint as a matter of course is governed by subsection (B) of Rule 15(a)(1), which instructs that the time for seeking amendment as a matter of course turns on service of a responsive pleading or a specified Rule 12 motion. So long as no responsive pleading or enumerated Rule 12 motion has been served, a plaintiff is permitted to amend her complaint once without leave of court. *See, e.g.*, *Vanguard Outdoor*, 648 F.3d at 748.[2] In this case, Defendants have not filed an answer or an enumerated Rule 12 motion, so Plaintiff's filing of her amended complaint was within the time frame permitting amendment as a matter of course without the need to seek leave. Especially given her status as a *pro se* litigant, the Court should have construed her filings as such, and simply denied her motion for leave to amend as unnecessary.[3]

---

[1] In arguing that Plaintiff must obtain leave to amend, Defendants relied on Rule 15(a)(1)(A), which allows amendment as a matter of course if filed within 21 days of service of the underlying pleading. *See* Docket No. 23 at 5 (referencing pre-2009 version of rule, which provides for amendment as a matter of course within 20 days of service of underlying pleading). Subsection (A) is inapplicable here, however, as it applies to amendments to pleadings to which no responsive pleading is allowed. *See, e.g.*, *Vanguard Outdoor, LLC v. City of Los Angeles*, 648 F.3d 737, 748 (9th Cir. 2011) (adopting district court decision as its own).

[2] The Court screened Plaintiff's initial complaint, and then stayed the case so the parties could participate in an early inmate mediation. *See* Docket No. 3 at 10-11; *see also* Docket No. 12 (extending stay). The fact that the deadline by which Defendants had to respond to the initial case was stayed does not change the Court's determination that Plaintiff was permitted to amend as a matter of course. *See, e.g.*, *Vanguard Outdoor*, 648 F.3d at 748.

[3] Some courts have held that the filing of an unnecessary motion for leave to amend waives the matter-of-course amendment right. *See, e.g.*, *Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 & n.2 (11th Cir. 2010). Even the courts that have recognized such a waiver have been reluctant to apply it to a *pro se* litigant. *See, e.g., id.* at 870 n.2 (distinguishing prior case on that ground). The Ninth Circuit has repeatedly highlighted the duty of courts to liberally construe the filings of *pro se* litigants, especially prisoners bringing civil rights claims. *E.g.*, *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2016). Based on the circumstances of this case, the Court declines to find that Plaintiff waived her ability to file an amended complaint as a matter of course by unnecessarily filing a motion seeking leave to amend.

Accordingly, the Court **RECONSIDERS** *sua sponte* its prior order (Docket No. 26) denying Plaintiff's motion to amend the complaint and striking the amended complaint as improvidently docketed. Instead, the Court **INSTRUCTS** the Clerk's Office to reactivate the amended complaint (Docket No. 21), and the Court **DENIES** as unnecessary the motion for leave to amend (Docket No. 20).

At the time the above motion for leave to amend was pending, Defendants moved for an order giving them 45 days to respond to the amended complaint if the Court allowed it to be filed. Docket No. 24. In particular, Defendants contended that they required additional time to respond to the amended complaint because it "provides new legal theories and requests to add parties that the Office of the Attorney General is not yet authorized to represent." *Id.* at 2. The Court granted that request. Docket No. 25. Given that the Court herein finds Plaintiff was permitted to file her amended complaint as a matter of course, the Court similarly will allow Defendants 45 days from the issuance of this order to respond to the amended complaint.[4]

IT IS SO ORDERED.

DATED: April 17, 2017

NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

---

[4] To the extent it is not accepting service on behalf of any Defendant, within 21 days of this order, the Attorney General's Office shall file a notice identifying the defendant(s) for whom it does not accept service and shall file under seal their last known address. *See* Docket No. 18 at 2.