**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

PRISCELLA SAINTAL,

        Plaintiff,

vs.

MARIA PESCE, *et al.*,

        Defendants.

Case No.: 2:15-cv-2460-GMN-NJK

**ORDER**

Pending before the Court is the Motion to Dismiss, (ECF No. 47), filed by Defendants Jo Gentry ("Gentry"), Willontray Holmes ("Holmes"), David Molnar ("Molnar"), Todd Riches ("Riches"), and the Nevada Department of Corrections ("NDOC") (collectively "Defendants"). Plaintiff Priscella Saintal ("Plaintiff") filed a Response, (ECF No. 49), and Defendants filed a Reply, (ECF No. 51). For the reasons discussed below, Defendants' Motion to Dismiss is **GRANTED**.

**I.  BACKGROUND**

This case arises from events that allegedly occurred while Plaintiff was an inmate at the NDOC Women's Correctional Center. (Third Am. Compl. at 3, ECF No. 46); (*see* Am. Compl. at 1, ECF No. 21). Plaintiff filed her pro se complaint[1] on December 23, 2015, against NDOC Warehouse Supervisor Maria Pesce, NDOC Inspector General Pam Del Porto, Caseworker William Ruebert, inmate Susanne Carno ("Carno"), NDOC Inspector General Molnar, NDOC

---

[1] In light of Plaintiff's status as a pro se litigant, the Court liberally construes Plaintiff's filings, holding them to a standard less stringent than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Lieutenant Holmes, NDOC Lieutenant Gary Piccininni,[2] and NDOC Warden Gentry. (*See* Compl., ECF No. 1-3). On April 26, 2016, the Court issued a Screening Order dismissing several of Plaintiff's claims with prejudice. (*See* Screening Order 8:15–9:25, ECF No. 3) (dismissing claims under the Equal Protection Clause and the Religious Land Use and Institutionalized Persons Act). Similarly, the Court dismissed claims against William Ruebert, Gary Piccininni, Pam Del Porto, Maria Pesce, and Carno with prejudice. (*See id*. 5:3–6:4, 7:4–13, 7:20–8:3, 8:4–9). However. the Court's Screening Order provided that Plaintiff stated a colorable retaliation claim against Molnar, Holmes, and Gentry. (*See id*. 6:28–7:3, 7:15–19).[3]

On November 8, 2016, Plaintiff moved for leave to amend her Complaint, which the Court initially denied on December 27, 2016. (*See* Mot. for Leave to Amend, ECF No. 20); (*see also* Order, ECF No. 26). On April 17, 2017, the Court reconsidered its prior order denying Plaintiff's motion to amend, and reactivated the Amended Complaint, (ECF No. 21). (*See* Order, ECF No. 32).

In the Amended Complaint, which Plaintiff filed as a "supplement" to the original Complaint, Plaintiff alleged that on February 11, 2015, inmate Carno sexually assaulted Plaintiff by walking up behind her and grabbing her vagina. (*See* Am. Compl. at 5, ECF No. 21). According to Plaintiff, on February 26, 2015, Holmes conducted a report pursuant to the Prison Rape Elimination Act ("PREA") of 2003, 42 U.S.C. § 15601, because of Carno's sexual assault; and Holmes also informed Molnar of the alleged sexual assault. (*See id*. at 5–6). Plaintiff claimed that Molnar told Holmes to "do nothing" to address the alleged assault. (Compl. at 11, ECF No. 1-3.). Plaintiff also alleged that Molnar refused to investigate the

---

[2] In Plaintiff's initial Complaint, she stated that Gary Piccininni was employed as a Lieutenant at the NDOC Women's Correctional Center; however, in her Amended Complaint, Plaintiff stated that Gary Piccininni was a NDOC Associate Warden. (*See* Am. Compl. at 2, ECF No. 21).

[3] The Screening Order did not address NDOC Lieutenant Riches because Plaintiff raised claims against him for the first time in her Amended Complaint. (*See* Am. Compl. at 3–4, 6–7, ECF No. 21).

reported assault in retaliation against Plaintiff for naming Molnar as a defendant in two prior lawsuits. (*See id.*).

Plaintiff stated in the Amended Complaint that once Holmes was told not to investigate the sexual assault any further, Holmes sent Plaintiff back to the same "pod" with Carno as punishment for filing a PREA grievance. (*See* Am. Compl. at 5, ECF No. 21); (*see* Compl. at 9–10, ECF No. 1-3). Further, Plaintiff claimed that Gentry was involved in the decision to keep Plaintiff in the same cell as Carno, which was allegedly in response to Plaintiff's previously filed grievances against Gentry. (*See* Compl. at 14, ECF No. 1-3).

Additionally, Plaintiff alleged that on October 1, 2015, Gentry, Piccininni, and Holmes retaliated against Plaintiff by assigning a convicted sex offender[4] to Plaintiff's cell after Plaintiff filed a PREA report against Piccininni. (*See* Am. Compl. at 5, ECF No. 21). Plaintiff further claimed that Riches and Piccininni: (1) performed a "shakedown" in unit one on July 5, 2016, during which they confiscated Plaintiff's personal property and appliances, claiming it was a "Drug Hit"; (2) wrote a fabricated NOC[5] about Plaintiff on August 10, 2016, intending to interfere with her upcoming parole board hearing on August 16, 2016; and (3) held a disciplinary hearing in Plaintiff's absence before confiscating Plaintiff's property and placing her on six months' probation with canteen and phone restrictions in October 2016. (*See id*. at 5–7). Lastly, Plaintiff alleges that the NDOC, which enforces PREA reports, failed to train its employees and staff on "protocol and zero tolerance." (*See id.* at 7).

Plaintiff's Amended Complaint accordingly alleged three counts, seeking declaratory relief, injunctive relief, and monetary relief. (*See id.* at 5–8). Defendants Gentry, Holmes,

---

[4] The Court previously interpreted the sex offender roommate to be an inmate other than Carno. (Order 3:12–25 n.6, ECF No. 42). According to Plaintiff's allegations, Defendants placed the convicted sex offender in Plaintiff's room on October 1, 2015, approximately eight months after the incident with Carno. (*See* Am. Compl. at 5, 7, ECF No. 21); (*see* Compl. at 12, ECF No. 3-1).

[5] Plaintiff's Amended Complaint failed to define a NOC. However, the Court previously interpreted this to be a "Notice of Charge," which is a type of disciplinary charge. (Order 3:25 n.7, ECF No. 42).

Molnar, Riches, Piccininni, and the NDOC moved to dismiss Plaintiff's Amended Complaint on June 1, 2017. (ECF No. 35). In considering Plaintiff's Amended Complaint for dismissal, the Court construed the Amended Complaint as alleging four causes of action: (1) retaliation against Holmes, Molnar, Riches, and Gentry; (2) deliberate indifference against Holmes, Molnar, Riches, and Gentry; (3) due process violations against all named Defendants; and (4) failure to train employees against NDOC. (*See generally* Am. Compl., ECF No. 21); (Order 4:2–6, ECF No. 42). [6]

On March 30, 2018, the Court dismissed with prejudice Plaintiff's due process causes of action against all Defendants as well as Plaintiff's claims against Defendants Holmes, Molnar, Riches, and Gentry in their official capacities. (Order 4:3–4, 11:12–21, ECF No. 42). The Court also dismissed Plaintiff's failure to train cause of action against the NDOC, but without prejudice. (Order 13:6–7, ECF No. 42). Last, the Court instructed Plaintiff to file a third amended complaint by April 20, 2018, that could stand alone "without needing to reference a prior complaint." (*Id.* 12:19–24).

The Court received Plaintiff's Third Amended Complaint on April 25, 2018, which concerns the same allegations as those in the prior complaints. Defendants filed the instant Motion to dismiss on May 18, 2018, requesting that the Court dismiss Plaintiff's Third Amended Complaint in its entirety. (Mot. Dismiss 2:25–27, ECF No. 42).

## II. <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not

---

[6] The Court's Order, (ECF No. 42), did not address Plaintiff's claims against Piccininni, Pesce, or Carno because the Screening Order dismissed these defendants with prejudice. (*See* Screening Order, 5:3–6:4, 7:20–8:3, 10:17–19, ECF No. 3).

give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir. 2008). Rule 8(a)(2) requires that a plaintiff's complaint contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Furthermore, the Supreme Court has rejected any sort of "heightened" pleading requirement for § 1983 municipal liability claims because such a heightened pleading standard cannot be "square[d] . . . with the liberal system of 'notice pleading' set up by the Federal Rules." *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993).

"Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996). Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).

Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of . . . the amendment, [or] futility of the amendment . . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

### III. DISCUSSION

In the instant Motion, Defendants seek dismissal of Plaintiff's Third Amended Complaint on the following grounds: (1) Plaintiff's Third Amended Complaint is untimely; (2) immunity bars Plaintiff from recovering legal damages against Defendants in their official

capacities; and (3) Plaintiff's other potential remedy, injunctive relief, has been rendered moot. (Mot. Dismiss 2:25–27, ECF No. 47). The discussion below addresses each argument in turn.[7]

**A. Timeliness**

On March 30, 2018, the Court dismissed Plaintiff's Second Amended Complaint but with leave to file a third amended complaint by April 20, 2018. (Order 13:8–10, ECF 42) ("Plaintiff shall have twenty-one (21) days from [March 30, 2018] to file a third amended complaint" or else Plaintiff's claims would be dismissed "with prejudice"). Plaintiff failed to file the Third Amended Complaint by that April 20, 2018 deadline. Specifically, the mailing envelope for Plaintiff's Third Amended Complaint bears a postmark date of April 23, 2018, indicating it was mailed three days after the Court's filing deadline. (Third Am. Compl. at 10, ECF No. 46). Though Plaintiff personally dated the Third Amended Complaint for April 19, 2018, that fact does not indicate a mailing date; nor does it indicate that Plaintiff actually filed the Third Amended Complaint with the Court by the Court's deadline.

Plaintiff argues that the Court should disregard the late mailing because there is an exception to the Court's deadline under the "postmark rule" pursuant to Federal Rule of Civil Procedure ("FRCP") 5. According to Plaintiff, this postmark rule requires the Court to accept Plaintiff's written date of April 19, 2018. (Resp. 2:18–22, ECF No. 49). However, the Court is not aware of a "postmark rule" under FRCP 5 that would apply in this case. Further, FRCP 5 does not state that the Court should take a plaintiff's written date as true instead of the postmark date on the pleading's mailing envelope. *See* Fed. R. Civ. P. 5.

The Court recognizes that Plaintiff is acting pro se. The Court thus construes Plaintiff's argument to refer to FRCP 6, which provides for an extension of time after a deadline expires when there is "good cause" based on the filing party's "excusable neglect." Fed. R. Civ. P.

---

[7] This Order only considers the allegations raised in Plaintiff's Third Amended Complaint because, as the Court stated in its prior Order, Plaintiff was only permitted to file a Third Amended Complaint that could "stand alone without needing to reference a prior complaint." (Order 12:21–24, ECF No. 42).

6(b). Nevertheless, Plaintiff has not provided the Court with any reasoning for the late mailing or filing other than the argument that the written date of April 19 should apply. Accordingly, the Court does not find good cause to extend its prior deadline of April 20, 2018; and Plaintiff's Third Amended Complaint is untimely because the Court did not receive it until April 25, 2018. (*See* Third Am. Compl. at 1, ECF No. 46).

### B. Failure to State a Cognizable Claim

Additionally, the Court will not extend the filing deadline for Plaintiff's Third Amended Complaint *sua sponte* because Plaintiff fails to state a plausible claim for relief. As explained below, immunity protects Defendants in their official capacities from Plaintiff's claims for legal damages; and Plaintiff's requested injunctive relief is now moot.

#### 1. Immunity

Plaintiff's Third Amended Complaint sues Defendants Holmes, Molnar, Riches, and Gentry on several grounds, but only in their official capacities at the NDOC. (Third Am. Compl. at 2, ECF No. 46). To the extent that Plaintiff's claims seeks damages from those Defendants in their official capacities at the NDOC, the Eleventh Amendment prevents the claims from going forward. That is, the NDOC is a Nevada agency that serves as an arm of the State. *See Hutchins v. Nevada Dep't of Corr.*, No. 3:10-cv-00369 LRH-RAM, 2010 WL 3724902, at *2 (D. Nev. Sept. 15, 2010). The Court must consequently view Plaintiff's claims against NDOC officials as against the State of Nevada itself, which is immune through the Eleventh Amendment from suits under 42 U.S.C. § 1983 seeking monetary damages in federal court. *See Will v. Michigan Department of State Police*, 491 U.S. 58, 70 (1989) ("a suit against a state official in his or her official capacity . . . is no different from a suit against the State itself."); *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999). Exceptions to immunity under the Eleventh Amendment include when a state explicitly waives its immunity or when a state official is sued in her official capacity for prospective injunctive relief. *See Will*, 491 U.S.

at 71 n.10. However, Nevada has not waived its immunity in this case, and it has refused to do so as a general matter. *See* Nev. Rev. Stat. § 41.031(3). Further, as discussed below, Plaintiff's sought remedy of prospective injunctive relief is moot. *See infra* Section 2. Accordingly, Defendants Holmes, Molnar, Riches, and Gentry remain immune in their official capacities from Plaintiff's § 1983 claims for monetary damages. *See Alabama v. Pugh*, 438 U.S. 781, 782 (1978) ("There can be no doubt . . . that suit against the State and its Board of Corrections is barred by the Eleventh Amendment.").

Additionally, Plaintiff's claim against the NDOC itself for failing to train its employees is equally barred by the Eleventh Amendment. Unlike claims against state officials, the Eleventh Amendment prevents § 1983 claims against the NDOC "whether the relief sought is legal or equitable in nature." *See Brooks v. Sulphur Springs Valley Elec. Co-op.*, 951 F.2d 1050, 1053 (9th Cir. 1991); *see also Ross v. Sandoval*, No. 2:17-cv-02386-APG-GWF, 2017 WL 6000342, at *2 n.3 (D. Nev. Dec. 4, 2017) ("The Court dismisses Defendant State of Nevada ex rel NDOC with prejudice from the entirety of this case. . . . Plaintiff can neither raise 42 U.S.C. § 1983 claims nor state law claims against the State of Nevada based on Eleventh Amendment sovereign immunity.").

### 2. Mootness of Prospective Injunctive Relief

Addressing now Plaintiff's claims that seek injunctive relief in the form of "remov[ing] defendants from official duties," this form of relief relates to prison conditions at the NDOC. (Third Am. Compl. at 4–6, 9, ECF No. 46). However, Plaintiff's requested remedy of injunctive relief is moot because Plaintiff has been released from NDOC custody and is no longer subject to the conditions or policies of the NDOC. *Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012); *Rhodes v. Stewart*, 488 U.S. 1, 2–4 (1988). Indeed, Plaintiff concedes mootness and states, "[w]hile the plaintiff does agree with the Injunctive Relief being Moot that still does not negate the claims as they have been clearly established by this court." (Resp.

3:15–17, ECF No. 49). The Court thus dismisses Plaintiff's claims for injunctive relief because Plaintiff no longer has a legally cognizable interest in a judicial decision on the merits of those claims seeking injunctive relief. *See Alvarez*, 667 F.3d at 1064.

## C. Leave to Amend

Plaintiff did not request leave to amend the Third Amended Complaint to correct any deficiencies that Defendants identified in their Motion to dismiss, (ECF No. 47). Nonetheless, FRCP 15(a)(2) permits courts to "freely give leave [to amend] when justice so requires." The Ninth Circuit has held that in dismissing for failure to state a claim under FRCP 12(b)(6), "a district court should grant leave to amend even if no request to amend the pleading was made." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). "The court considers five factors in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011)

The Court finds that Plaintiff cannot file an additional amended complaint for several reasons. First, Plaintiff's Third Amended Complaint sues Defendants Holmes, Molnar, Gentry, and Riches for damages in their official capacities, and references prior Complaints for protection from pleading deficiencies—even though the Court's prior Order stated such claims were not viable, and that a third amended complaint must "stand alone without needing to reference a prior complaint." (Order 6:3–17, 23:21–24 ECF No. 42); (s*ee* Resp. 3:27–4:2, ECF No. 49). Plaintiff's failure to follow the Court's instruction has happened with Plaintiff's other attempts to amend her complaint. (*See* Order 1:15–22, ECF No. 33). Though the Court recognizes the principle that pleading labels are to be liberally construed for pro se litigants when the issue is the "capacity" of the defendants, *see e.g.*, *Brown v. City of Fort Lauderdale*,

923 F.2d 1474, 1478 (11th Cir. 1991), Plaintiff's unsuccessful chances at filing the proper complaint support denial of leave to amend. *See Corinthian Colleges*, 655 F.3d at 995.

Second, Plaintiff's failure to timely file the Third Amended Complaint further leads the Court to deny amendment. The Court's prior decision stated that a failure to file a third amended complaint by April 20, 2018, in a format that can "stand alone without needing to reference a prior complaint," shall result in the dismissal of Plaintiff's claims "with prejudice." (Order 12:21–13:10, ECF No. 42). The failure to follow that instruction adds to the unnecessary delays in this case that have pushed the matter beyond its already reached three-year age, and adds to the litigation costs that could have been avoided with a close reading of prior Orders from the Court. *See Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1161 (9th Cir. 1989). Therefore, considering all facts surrounding this case, the Court denies leave to file an additional amended complaint.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, (ECF No. 47), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants are **DISMISSED with prejudice**.

The Clerk of Court shall close the case and enter judgment accordingly.

**DATED** this __7__ day of March, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Court